UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J.D. MARTIN, | ) | Case No. 06cv1073-BEN (BLM) |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION DENYING** |
| v. | ) | **PETITION FOR WRIT OF HABEAS** |
| | ) | **CORPUS** |
| A.P. KANE, Warden, | ) | |
| | ) | |
| Respondent. | ) | **[DOC. NO. 11]** |
| | ) | |
| | ) | |

Petitioner J.D. MARTIN ("Petitioner" or "Martin") has filed a petition for a writ of habeas

corpus under 28 U.S.C. § 2254[1] ("Petition").  (Doc. No. 1.)  Petitioner does not challenge his second

degree murder conviction.[2]  Instead, Petitioner alleges that the California Board of Prison Terms' failure

to set a parole date, as well as the District Attorney's continued opposition to his parole release, violated

the terms of his plea agreement and his federal and state constitutional rights.  The Honorable

Magistrate Judge Barbara L. Major issued a Report and Recommendation ("Report), finding the Petition

---

[1]  Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (West 2006).

[2]  On November 25, 1986, Petitioner pled guilty to one count of second degree murder in violation of California Penal Code § 187.  The trial court sentenced Petitioner to a total state prison term of fifteen years-to-life.

time barred under the one year limitations period prescribed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Judge Major also found that Martin was not entitled to statutory tolling, nor was equitable tolling warranted.  Judge Major further determined that Petitioner failed to exhaust his state court remedies.  Martin objects to Judge Major's findings.

The Court's role in reviewing the Report is set forth in 28 U.S.C. § 636(b)(1).  Under this statute, the Court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  *Id.  See also*, *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), *cert. denied*, 540 U.S. 900 (2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise . . . Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct.").  Notwithstanding, the Court has made a *de novo* review of the entire Report, and agrees with Judge Major's reasoning and conclusions as set forth in the Report.  *See* 28 U.S.C. § 636(b).  For the reasons that follow, the Court **ADOPTS** the Report in full.  Accordingly, Martin's Petition is **DENIED** as untimely, as well as for failure to exhaust the available state remedies.  The Clerk shall close the file.

## **DISCUSSION**

The facts are not contested and fully set forth in the Report.  On December 14, 1994, the Board held Petitioner's first parole consideration hearing and found him unsuitable for parole.  Subsequent hearings were held on January 8, 1997; July 31, 2000; July 28, 2003;[3] and February 2, 2006.  Petitioner was denied parole after each proceeding.  On or about October 29, 2004, Petitioner filed a petition for writ of habeas corpus in the California Superior Court, alleging that because he had served "the sentence specified by the matrix," the District Attorney's repeated opposition to his release on parole violated his due process rights.  The California Superior Court denied the petition on December 22, 2004.  Petitioner then raised this same claim in a habeas petition filed in the California Court of Appeal.  The appellate court denied the petition in a brief but reasoned opinion on April 5, 2005.

---

[3]   Petitioner waived the parole hearing scheduled for July 28, 2003, stipulating to an unsuitability determination and two-year parole denial.

1   Approximately two months later, Petitioner sought review of the appellate court's denial in the

2   California Supreme Court.  The California Supreme Court denied the petition on February 8, 2006.

3        **A.      AEDPA**

4        Martin filed the instant Petition in 2006.  "Because [Martin's Petition] was filed after AEDPA's

5   effective date, on April 24, 1996, the provisions of that Act apply to this case."  *Patterson v. Stewart*,

6   251 F.3d 1243, 1245 (9th Cir. 2001), *cert. denied*, 534 U.S. 978 (2001).  AEDPA imposes a one-year

7   statute of limitations on petitions for writ of habeas corpus filed by state prisoners. [4] 28 U.S.C. § 2244(d)

8   (West Supp. 2006).

9        Where, as here, a habeas petitioner challenges an administrative decision such as the denial of

10   parole or the revocation of good time credits, section 2244(d)(1)(D) applies.  *See Shelby v. Bartlett*, 391

11   F.3d 1061, 1066 (9th Cir. 2004).  Under that subsection, the limitations period begins to run on "the date

12   on which the factual predicate of the claim or claims presented could have been discovered through the

13   exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D); *see also Hasan v. Galaza*, 254 F.3d 1150, 1154

14   n.3 (9th Cir. 2001) (explaining that under § 2244(d)(1)(D), the limitations period begins to run when a

15   "prisoner knows (or through diligence could discover) the important facts [on which his claims rely], not

16   when [he] recognizes their legal significance").

17        As Judge Major noted, Petitioner's habeas claims are not limited to his most recent parole denial,

18   but instead are broad challenges to the Board's failure to set a parole release date and the District

19   Attorney's opposition to parole.  Under section 2244(d)(1)(D), Petitioner was, or with the exercise of

20   reasonable diligence, aware of the factual predicate of his federal habeas claims by July 28, 2003, at the

21

22

23   [4]  The one-year limitations period runs from the latest of:

24        (A)  the date on which the judgment became final by the conclusion of direct review or the
             expiration of the time for seeking such review;

25        (B)  the date on which the impediment to filing an application created by State action in
             violation of the Constitution or laws of the United States is removed, if the applicant was
             prevented from filing by such State action;

26        (C)  the date on which the constitutional right asserted was initially recognized by the
             Supreme Court, if the right has been newly recognized by the Supreme Court and made
             retroactively applicable to cases on collateral review; or

27        (D)  the date on which the factual predicate of the claim or claims presented could have been
             discovered through the exercise of due diligence.

28

28 U.S.C. § 2244(d)(1) (West Supp. 2006).

06cv1073-BEN (BLM)

very latest.[5]  July 28, 2003, was the first date the Board refused his parole release after having served fifteen years.  Petitioner failed to pursue federal habeas relief until three years later.  He filed the instant petition on April 27, 2006.  (Doc. No. 1.)

A petition can be timely, even if filed after the one-year time period has expired, when statutory tolling applies.  *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002).  AEDPA's one-year statute of limitation is statutorily tolled during the time a properly filed application for State post-conviction or other collateral review is pending.  *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003).  Under California's post- conviction procedure,  this means the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge.  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied*, 529 U.S. 1104 (2000).  But there is no tolling from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that interval.  *Id.*  Similarly, "a petitioner is not entitled to tolling during the gap between the completion of one full round of state collateral review and the commencement of another."  *Delhomme*, 340 F.3d at 820.

The latest possible date the statute of limitations began to run under 28 U.S.C. § 2244(d)(1)(D) was July 29, 2003.  Although Petitioner filed multiple collateral challenges to the Board's parole denials, the first challenge was not filed until October 29, 2004;  and as such,  those petitions did not operate to toll the statute of limitations.  Because the one-year limitations period had already expired by that date, the collateral challenges had no tolling effect.  *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (habeas petition is not entitled to tolling where the limitations period has already run).

Petitioner also fails to show that equitable tolling is warranted.  "[T] he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002), *cert. denied*, 537 U.S. 1003 (2002).  Martin "bears the burden of showing that this extraordinary exclusion should apply to him."  *Id.* at 1065.  Here, Petitioner provides no argument in support of equitable tolling nor does he allege facts suggesting that he has been

---

[5]    Petitioner's fifteenth year in prison ended in November 2001, minus any time allotted for time served prior to sentencing or other such time credits.  The first time Petitioner was denied parole after having served this minimum term was on July 28, 2003.  Therefore, the Court will utilize this date as the triggering date for the AEDPA statute of limitations.

06cv1073-BEN (BLM)

1    pursuing his rights diligently, or that any extraordinary circumstance prevented him from seeking habeas

2    relief in a timely manner.  Since Petitioner fails to carry his burden with regard to equitable tolling, and

3    because this Court fails to identify anything in the record to suggest that such tolling is warranted, this

4    Court finds no basis on which to afford Petitioner that benefit.

5            In conclusion, the Court finds that the instant Petition was filed after the expiration of the

6    applicable statute of limitations.  Moreover, the Court finds that Petitioner is not entitled to the benefit

7    of statutory or equitable tolling.  As a result, the Court finds that the claims presented in the instant

8    Petition are barred by AEDPA's statute of limitations.  Therefore, the Court **GRANTS** Respondent's

9    Motion to Dismiss the Petition as untimely.

10           **B.      Exhaustion**

11           To the extent Petitioner attempts to challenge the Board's February 2, 2006, parole denial, such a

12    claim must be dismissed as unexhausted because it was never presented to the California courts.  The

13    exhaustion of available state judicial remedies is a prerequisite to a federal court's consideration of

14    claims presented in habeas corpus proceedings.  28 U.S.C. § 2254(b); *see McQueary v. Blodgett*, 924

15    F.2d 829, 833 (9th Cir. 1991).  To satisfy the exhaustion requirement, a petitioner must have "fairly

16    presented" the "substance" of his federal habeas claim to the state's highest court.  *Anderson v. Harless*,

17    459 U.S. 4, 6 (1982); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999) (explaining that

18    petitioners must present their habeas claims to the state's highest court, even if that court's review is

19    discretionary).  The exhaustion requirement accordingly ensures that the state courts, as a matter of

20    comity, will have the first opportunity to pass upon and correct alleged violations of federal

21    constitutional guarantees.  *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991), *cert. denied,* 501

22    U.S. 1277 (1991).

23           Petitioner does not specify which particular Board hearing(s) or related parole denial(s) he

24    challenges.  Instead, Petitioner generally contends that the terms of his plea agreement provided that he

25    would be found suitable for parole upon completion of the minimum sentence and that the District

26    Attorney would not oppose his parole release at that time.  In support, Petitioner attaches his multiple

27    state habeas filings and the state courts' orders thereon, a July 2005 Life Prisoner Evaluation Report,

28    and a transcript of the Board's February 2, 2006, parole denial.  In light of these supporting documents,

the

1  Court liberally construes the instant petition to include a due process challenge to the Board's February

2  2, 2006, parole denial.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (instructing that courts must

3  construe *pro se* habeas filings liberally).

4          Nonetheless, there is no evidence that Petitioner ever presented the substance of such a claim to

5  the state courts at all.  Petitioner's February 2, 2006, parole hearing occurred over seven months after

6  Petitioner filed his final request for collateral review with regard to these issues in the state courts.

7  Thus, the Board's parole suitability findings made on February 2, 2006, were not at issue in his various

8  state habeas filings and as such, the state courts have yet to consider any alleged due process violation

9  related thereto.  *See, e.g., Coleman*, 501 U.S. at 731.  This Court therefore agrees with Judge Major that

10  Petitioner's habeas claim as to the February 2, 2006 hearing is unexhausted.  Accordingly, the Court

11  **GRANTS** Respondent's Motion to Dismiss due to Petitioner's failure to exhaust his available state

12  remedies.

13                                          **CONCLUSION**

14          For the reasons set forth above, the Court fully **ADOPTS** Judge Major's Report, finding

15  that Martin's Petition for Writ of Habeas Corpus is **DENIED** as untimely, as well as for failure to

16  exhaust his available state remedies.

17          **IT IS SO ORDERED.**

18  DATED:   August 1, 2007

19                                          _____

20                                          Hon. Roger T. Benitez
                                            United States District Judge

21

22

23

24

25

26

27

28

06cv1073-BEN (BLM)